J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, 2nd Floor
San Francisco, CA 94111
Telephone:  (415) 599-0210
Facsimile:  (415) 276-1808

ATTORNEYS FOR PLAINTIFF
ARCTIC ZERO, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTIC ZERO, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>           v.<br><br>ASPEN HILLS, INC., an Iowa Corporation, THE CINCINNATI INSURANCE COMPANY, an Ohio Corporation, and Does 1-25,<br><br>                    Defendant(s). | No. **'17CV0459 AJB  JMA**<br><br>**COMPLAINT FOR NEGLIGENCE, EXPRESS INDEMNITY, BREACH OF CONTRACT, AND DECLARATORY RELIEF**<br><br>**Jury Trial Demanded** |

COMPLAINT

1.     Plaintiff Arctic Zero, Inc. ("Arctic Zero") brings this Complaint against Defendant Aspen Hills, Inc. ("Aspen Hills") and Defendant The Cincinnati Insurance Company ("Cincinnati Insurance") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## INTRODUCTION

2.     This is an action for negligence, express indemnity, breach of contract, and declaratory relief arising out of Defendant Aspen Hills's failure to perform its obligations under an October 1, 2015 Ingredient Supply Agreement with Arctic Zero (the "Agreement").

## THE PARTIES

3.     Plaintiff Arctic Zero, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 4241 Jutland Drive, San Diego, California.

4.     Defendant Aspen Hills, Inc. is a corporation organized under the laws of the state of Iowa with its principal place of business at 830 State Street, Garner, Iowa.

5.     Defendant The Cincinnati Insurance Company is a corporation organized under the laws of the state of Ohio with its principal place of business at 6200 South Gilmore Road, Fairfield, Ohio.

## JURISDICTION AND VENUE

6.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.     Arctic Zero is a Delaware corporation with its primary place of business in California, while neither Defendant is organized under the laws of, or has its primary place of business in, either Delaware or California.

8.     Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

9.     This Court has personal jurisdiction over Defendant Aspen Hills and venue is proper in this judicial district because Aspen Hills consented to the exclusive jurisdiction and venue of the federal and state courts in San Diego County, California for any court action or proceeding relating to or arising out of the Agreement at issue. *See* Agreement, § 21.

10. Defendant Aspen Hills also purposefully availed itself of the protections of California law by agreeing that California law would govern the Agreement. *See* Agreement, §22.

11. This Court has personal jurisdiction over Defendant Cincinnati Insurance and venue is proper in this judicial district because, upon information and belief, Cincinnati Insurance regularly and continuously transacts business in the State of California by maintaining a license to sell insurance policies within the state, and by advertising and selling insurance policies in the State of California and this judicial district, including quoting and selling insurance policies through at least five agents within the City of San Diego alone.

12. Additionally, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in this judicial district, and Plaintiff Arctic Zero is headquartered in this district.

## FACTUAL BACKGROUND

### A. The October 1, 2015 Ingredient Supply Agreement

13. On October 1, 2015, Arctic Zero entered into an Ingredient Supply Agreement (the "Agreement") with Aspen Hills. A copy of the Agreement is annexed hereto as **Exhibit 1**.

14. Under the Agreement, Aspen Hills agreed to "defend, hold harmless and indemnify Arctic Zero… from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' fees) arising out of or in connection with," among other things, "a breach by [Aspen Hills] of any representation, warranty, or covenant set forth in this Agreement" and "any act, activity or omission of [Aspen Hills] or any of its employees, representatives or agents, including activities on Arctic Zero's premises and the use of any vehicle, equipment, fixture or material of Supplier in connection with any sale to or service for Arctic Zero." Agreement, § 13.

15. Aspen Hills warranted in the Agreement that "Each Ingredient conforms and will conform strictly to all foreign and domestic, federal, state and local regulatory requirements ("Legal Requirements") applicable to the Ingredient, and its production, shipment and sale in the United States[…]" Agreement, § 12(b).

16. Aspen Hills further warranted that "Each Ingredient is and will be fit and sufficient for the purpose intended, and free from defects outside the limits of the specifications for each product, including without limitation, infestation, mold or allergic impurities, pathogens, pits, seeds, foreign objects or residues." Agreement, § 12(e).

17. Aspen Hills further warranted that "[Aspen Hills] will maintain and operate its plant or facility at all times in good and sanitary operating order, condition, and repair consistent with industry standards and in compliance in all material respects with all Legal Requirements pertaining to the operation of its plant and the production and storage of the Ingredients." Agreement, § 12(h).

18. Aspen Hills also agreed to reimburse Arctic Zero for all costs and expenses incurred as a result of a recall of ingredients supplied by Aspen Hills. Section 15(a) of the Agreement provides:

> In the event an Ingredient is the subject of a recall (which includes safety notices) initiated by Arctic Zero, Supplier, or a government or consumer protection agency, Supplier will be responsible for all costs and expenses associated with the Recall or notice and shall reimburse Arctic Zero tor all costs and expenses incurred by Arctic Zero related to the recall or notice, including recalling, shipping and/or destroying the Ingredient (and where applicable, any products with which the Ingredient has been packaged, consolidated, processed or commingled), including Arctic Zero's net landed cost of unsold products containing the Ingredient.

19. The Agreement provides that "the prevailing party in any arbitration or court action or proceeding may be awarded its reasonable attorneys' fees, expenses, and costs." Agreement, § 21.

20. Arctic Zero is named as an additional insured on a primary basis under at least two policies of insurance issued by Cincinnati Insurance, to wit, Policy No. EPP 009 24 57 (Commercial General Liability) and Policy No. EPP 009 24 57 UMBRELLA (Umbrella Liability) (collectively, "the Cincinnati Policies"). A copy of the Certificate of Liability Insurance naming Arctic Zero as an additional insured is annexed hereto as **Exhibit 2**.

21. From the October 1, 2015 "Effective Date" of the Agreement until the present date, Arctic Zero has fully complied with all obligations imposed upon it by all provisions of the Agreement.

**B.   The Aspen Hills Recall**

22. On October 9, 2016, Aspen Hills notified Arctic Zero that it was recalling 287 cases of dough shipped to Arctic Zero ("the Recall").

23. On October 12, 2016, Aspen Hills's president sent a "personal note of apology" to Arctic Zero explaining that Aspen Hills's failure to comply with safety standards had necessitated the Recall.

24. Aspen Hills's president stated that these failures included "inadequate documentation of protocol, failure to wear proper uniforms, and the possibility of cross-contamination," as well as "failure of our personnel to consistently follow our standard operating procedure."

25. Aspen Hills's president called these failures "an unacceptable lapse in the standards you – and we – expect."

26. As a result of the Recall, Arctic Zero incurred costs and expenses amounting to at least $572,375.33, including the cost of disposed product, shortages caused by the Recall, lost revenue, credits for products returned to vendors, costs for transportation, picking, stocking/restocking and storage, landfill fees, and testing fees.

27. On December 23, 2016, Arctic Zero tendered documentation of its costs and expenses incurred as a result of the Recall to Aspen Hills's president by email.

28. Aspen Hills has failed to indemnify or reimburse Arctic Zero and has not offered assurances that Arctic Zero's claim will be paid in full.

29. Despite Arctic Zero's inquiries, Cincinnati Insurance has not stated that Arctic Zero's claim will be covered under any of the Cincinnati Policies, has not provided a claim form for Arctic Zero to make a claim, and has not provided a copy of any of the Cincinnati Polices to allow Arctic Zero to ascertain its rights thereunder.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Negligence – As to Defendant Aspen Hills)**

30. Arctic Zero realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

31. Aspen Hills owed a duty of care to Arctic Zero because the dough supplied by Aspen Hills, if negligently made, was likely to cause harm to Arctic Zero by damaging products into which the dough was incorporated and causing economic loss to Arctic Zero in responding to a recall of the dough.

32. On information and belief, Aspen Hills, and its employees acting within the scope of their employment, breached the duty of care by failing to adhere to adequate safety standards, including, *inter alia,* failing to adequately document protocol, failing to wear proper uniforms, and failing to consistently follow standard operating procedure.

33. Aspen Hills's negligence rendered the dough supplied by Aspen Hills to Arctic Zero unusable and necessitated the Recall.

34. Arctic Zero suffered harm including the cost of disposing of unusable products, shortages caused by the Recall, lost revenue, credits for products returned to vendors, transportation, picking, stocking/restocking and storage costs, landfill fees, and testing fees.

35. The Recall and Arctic Zero's injuries were proximately caused by Aspen Hills's breach of the duty of care.

### SECOND CAUSE OF ACTION

**(Express Indemnity – As to Defendant Aspen Hills)**

36. Arctic Zero realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

37. Pursuant to the Agreement, Aspen Hills agreed to defend, hold harmless and indemnify Arctic Zero from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' fees) arising out of or in connection with a breach by Aspen Hills of any representation, warranty, or covenant or any act, activity or

omission of Aspen Hills or any of its employees, representatives or agents.

38. Aspen Hills failed to ensure that the dough shipped to Arctic Zero pursuant to the Agreement was fit and sufficient for its intended purpose, in breach of Aspen Hills's express representation and warranty in Section 12(e) of the Agreement.

39. Aspen Hills failed to maintain and operate its plant or facility at all times in good and sanitary operating order, condition, and repair consistent with industry standards and/or legal requirements, in breach of Aspen Hills's express representation and warranty in Section 12(h) of the Agreement.

40. On information and belief, Aspen Hills, and its employees acting within the scope of their employment, acted negligently by failing to adhere to adequate safety standards, including, *inter alia,* failing to adequately document protocol, failing to wear proper uniforms, and failing to consistently follow standard operating procedure.

41. Aspen Hills's negligence rendered the dough supplied by Aspen Hills to Arctic Zero unusable and necessitated the Recall.

42. Pursuant to the Agreement, Aspen Hills is obligated to indemnify and hold harmless Arctic Zero from and against its Recall-related costs and expenses caused by Aspen Hills's breach of warranties under the Agreement and by the negligence of Aspen Hills and its employees.

## THIRD CAUSE OF ACTION

**(Breach of Contract – As to Defendant Aspen Hills)**

43. Arctic Zero realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

44. Arctic Zero has performed all conditions and obligations under the Agreement.

45. By breaching its representations and warranties under the Agreement as set forth above, Aspen Hills has failed to perform its obligations under the Agreement.

46. By failing to indemnify and reimburse Arctic Zero for its Recall-related costs and expenses as required by the Agreement and refusing to provide assurances of such payment, Aspen Hills has failed to perform its obligations under the Agreement.

47.     As a result of Aspen Hills's breach of the Agreement, Arctic Zero has incurred damages in the amount of at least $572,375.33, as well as attorneys' fees incurred in seeking reimbursement and enforcing the Agreement.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief, 28 U.S.C. § 2201 and Cal. Code. Civ. Proc. § 1060 –

### As to Defendant Aspen Hills)

48.     Arctic Zero realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

49.     A substantial, immediate, and actual controversy now exists between Arctic Zero and Aspen Hills in that Arctic Zero contends that Aspen Hills is obligated to immediately defend, hold harmless, and indemnify, Arctic Zero from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' fees) arising out of or in connection with the Recall, whereas Aspen Hills denies such contention.

50.     Furthermore, a substantial, immediate, and actual controversy now exists between Arctic Zero and Aspen Hills in that Arctic Zero contends that Aspen Hills is obligated to immediately reimburse Arctic Zero for all Recall-related expenses, whereas Aspen Hills denies such contention.

51.     A judicial declaration is necessary and appropriate at this time so that Arctic Zero's rights under the Agreement may be determined with certainty.

52.     Accordingly, Arctic Zero seeks a declaration by this Court that Aspen Hills is obligated to defend, hold harmless and indemnify Arctic Zero from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' fees) arising out of or in connection with the Recall.

53.     Furthermore, Arctic Zero seeks a declaration by this Court that Aspen Hills is obligated to reimburse Arctic Zero for its Recall-related costs and expenses.

//

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief, 28 U.S.C. § 2201 and Cal. Code. Civ. Proc. § 1060 –**

**As to Defendant Cincinnati Insurance)**

54. Arctic Zero realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

55. A substantial, immediate, and actual controversy now exists between Arctic Zero and Cincinnati Insurance in that Arctic Zero contends that Arctic Zero's losses, costs, and expenses arising out of or in connection with the Recall are covered by the Cincinnati Policies, whereas Cincinnati appears to deny such contention, has failed to state whether the claims are covered, and has likewise failed to provide a copy of the policy so that Arctic Zero may ascertain its rights.

56. A judicial declaration is necessary and appropriate at this time so that Arctic Zero's rights under the Agreement may be determined with certainty.

57. Accordingly, Arctic Zero seeks a declaration by this Court that Arctic Zero's losses, costs, and expenses arising out of or in with connection the Recall are covered and payable under the Cincinnati Policies.

//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arctic Zero prays for:

A. A declaration by this Court that Aspen Hills is obligated to defend, hold harmless and indemnify Arctic Zero from and against any and all claims, actions, liabilities, losses, fines, penalties, costs and expenses (including reasonable attorneys' fees) arising out of or in connection with the Recall

B. A declaration by this Court that Aspen Hills is obligated to reimburse Arctic Zero for all Recall-related expenses;

C. A declaration by this Court that Arctic Zero's losses, costs, and expenses arising out of or in connection with the Recall are covered and payable under the Cincinnati Policies;

D. Judgment in favor of Arctic Zero against Aspen Hills for Recall-related expenses in the amount of $572,375.33 plus interest thereon;

E. Damages according to proof;

F. Judgment awarding Arctic Zero its costs, including reasonable attorneys' fees;

G. Such other and further relief as this Court may deem just and proper.

Dated: March 6, 2017

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ J. Noah Hagey
    J. Noah Hagey

Attorneys for Plaintiff
ARCTIC ZERO, INC.