UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTIC ZERO, INC., a Delaware Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>ASPEN HILLS, INC. an Iowa Corporation, THOMAS LUNDEEN, an individual, and NANCY LUNDEEN, an individual, et al.,<br><br>         Defendants. | Case No.: 17-cv-00459-AJB-JMA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, DECLARATORY RELIEF, AND MOTION FOR AN ORDER TO SHOW CAUSE**<br><br>(Doc. No. 48) |

Pending before the Court is Plaintiff Arctic Zero's motion for preliminary injunction and declaratory relief and motion requesting that this Court issue an Order to Show Cause ("OSC"). (Doc. No. 48.) The Court granted Plaintiff's ex parte motion to shorten time to hear this matter before May 1, 2018, thus this motion was heard on a condensed briefing schedule. (Doc. No. 49.) On April 27, 2018, the Court held a hearing on the motion and after oral argument, the Court submitted the motion. (Doc. No. 56.) As will be explained in greater detail below, Plaintiff's motion is **DENIED**.

///

# BACKGROUND[1]

Plaintiff is a corporation organized under the laws of the state of Delaware with its principal place of business in San Diego, California. (Doc. No. 3 ¶ 4.) Defendant Aspen Hills is a former cookie dough manufacturer, organized under the laws of the state of Iowa with its principal place of business in Garner, Iowa. (*Id.* ¶ 5; Doc. No. 6 at 8.) Defendants the Lundeens are individuals who reside in the state of Iowa and are co-owners of Aspen Hills. (Doc. No. 3 ¶¶ 6, 7.)

The events leading up to this dispute arose in 2016, when Aspen Hills recalled 287 cases of allegedly negligently manufactured brownie dough. (Doc. No. 6 at 8; Doc. No. 24 at 9.) Currently, there are over $11 million in claims being asserted against Aspen Hills. (Doc. No. 6 at 8.) As a result of these substantial claims and the limited assets available for distribution, receivership proceedings involving Aspen Hills commenced in Iowa District Court for Hancock County—*A.H. Properties v. Aspen Hills, Inc.*, Hancock County Case No.: EQCV019535. (*Id.*)

Plaintiff and Aspen Hills were in an arrangement that centers on an October 1, 2015 Ingredient Supply Agreement. (Doc. No. 3 ¶ 19.) Under this agreement, Aspen Hills, among other things, agreed to indemnify Plaintiff against any and all claims, warranted that each ingredient conformed strictly to all domestic and foreign regulatory requirements, and merited that each ingredient would be fit and sufficient for the purpose intended. (*Id.* ¶¶ 20–22.) After the recall, Plaintiff allegedly incurred costs and expenses amounting to at least $572,375.33. (*Id.* ¶ 33.) On December 23, 2016, Plaintiff tendered this documentation of its costs and expenses to Mr. Lundeen by email. (*Id.* ¶ 34.)

Mr. and Mrs. Lundeen are purportedly the corporate alter egos of Aspen Hills acting as the President, Secretary, and Treasurer to the company. (*Id.* ¶¶ 5, 6, 7.) Plaintiff argues that in 2016, as "insiders," the Lundeens transferred $2,300,000 to themselves, leaving

---

[1] The Court pulls the following allegations from Plaintiff's complaint and from Defendants' motions to dismiss. (Doc. Nos. 3, 6, 24.)

Aspen Hills insolvent. (*Id*. ¶ 36.) Thus, after the supposed fraudulent transfers, Aspen Hills was only left with approximately $250,000 or less in cash with an excess of approximately $9,000,000 in liabilities. (*Id*. ¶ 47.)

On or about December 28, 2016, the Honorable Rustin Davenport, District Court Judge for the Second Judicial District of Iowa signed the "Order Granting the Joint Motion for the Appointment of a Receiver" (the "Receivership Order"). (Doc. No. 6 at 9.) Thus, the business wind-down process has been underway with the Iowa Court exercising jurisdiction over all receivership property. (*Id*. at 10.)

On March 6, 2017, Plaintiff filed its complaint against all Defendants. (Doc. No. 1.) On April 26, 2017, Plaintiff filed its amended complaint alleging causes of action for (1) negligence; (2) express indemnity; (3) breach of contract; (4) declaratory relief only as to Aspen Hills; and (5) fraudulent transfers. (*See generally* Doc. No. 3.) On May 19, and June 6, 2017, respectively, Aspen Hills and the Lundeens filed their motions to dismiss or stay the action. (Doc. Nos. 6, 16.) On November 20, 2017, the Court denied Defendants' motion to stay the action pending resolution of the Iowa State Court Receivership Proceedings and denied their motions to dismiss. (Doc. No. 32.)

## **DISCUSSION**

A.  Both Parties' Request for Judicial Notice

As an initial matter, Plaintiff requests judicial notice of (1) the Lundeens' application for rule to show cause; (2) the brief to support their application for rule to show cause; and (3) the Iowa District Court's order to show cause entered on March 20, 2018. (Doc. No. 48-10.) The Lundeens similarly request judicial notice of all of the records filed in the *Aspen Hills* case in Iowa District Court. (Doc. No. 50-4.) As the documents both parties request judicial notice of can be accurately and readily determined from other sources and as a whole are undisputed, judicial notice is appropriate. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1003 n.2 (N.D. Cal. Mar. 22, 2016) (taking judicial notice of two documents filed on the public docket in Los Angeles Superior Court).

B. <u>A Preliminary Injunction Pursuant to the All Writs Act is Unwarranted</u>

Now turning towards the instant motion, Plaintiff argues that a preliminary injunction is justified because Defendants Thomas and Nancy Lundeen are attacking this Court's jurisdiction by asking the Iowa Court to restrain it from maintaining this action. (Doc. No. 48-1 at 5.) Thus, pursuant to the All Writs Act, this Court should issue a preliminary injunction. (*Id.*) Explicitly, Plaintiff asserts that the Lundeens are asking the Iowa Court to countermand this Court's November 20, 2017 Order denying the Lundeens' motion to stay and motion to dismiss. (*Id.*) The Court notes that pursuant to the OSC, the Iowa Court has ordered Plaintiff and its top executive officers to personally appear in Iowa on May 1, 2018, to face contempt allegations. (*Id.*; Doc. No. 48-14 at 2.) Thus, Plaintiff requests a preliminary injunction compelling the Lundeens to withdraw the contempt application, as well as a preliminary declaration that Plaintiff has a right to proceed with this action in this Court not subject to contempt sanctions in the state court. (*Id.* at 6.) Additionally, Plaintiff asks the Court to issue an OSC why the Lundeens and their counsel should not be sanctioned for their abuse of process. (*Id.*)

The Lundeens filed an opposition to the motion on April 17, 2018. (Doc. No. 50.) The Lundeens mount that the cases cited to by Plaintiff are distinguishable from the present matter and that none of the well-known exceptions to the Anti-Injunction Act apply. (*Id.* at 6.) Moreover, the Lundeens contend that the Court's November 20 Order denying their motion to stay and motion to dismiss did not forbid them from continuing to exercise their rights in the Iowa Receivership. (*Id.* at 4.)

The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the All Writs Act is limited by the Anti-Injunction Act, which prevents a federal court from enjoining the "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. These three exceptions are to be construed narrowly, "resolv[ing] doubts in favor of letting the state action proceed."

*Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997); *see also Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1271 (9th Cir. 1982) (holding that the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances).

Plaintiff's arguments fall under the "where necessary in aid of [the Court's] jurisdiction" exclusion delineated above. To support its motion, Plaintiff points solely to the OSC filed by the Iowa Court to argue that this Court's jurisdiction may be threatened or interfered with. However, the actions the Iowa Court <u>may take</u> are too theoretical and speculative in nature to warrant the Court take action under the All Writs Act. The Court notes that if the Iowa Court had issued an order prohibiting Plaintiff from filing suit or a Temporary Restraining Order, these actions may have been found to so impede this Court's jurisdiction that injunctive relief under the Act would have been justified. However, no such actions have been taken. Thus, the instant matter does not fall into one of the narrow exceptions that demand relief under the Anti-Injunction Act.

Accordingly, the Court finds that an order from this Court asking the Lundeens to withdraw their contempt application and a preliminary declaration that states that Plaintiff can proceed with this action is premature and an improper application of the All Writs Act. *See Doe v. I.N.S.*, 120 F.3d 200, 204 (9th Cir. 1997) (holding that the All Writs Act "is not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction.") (citation omitted); *see also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (explaining that the All Writs Act is necessary only if "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.").

Moreover, the cases cited to by Plaintiff are inapposite to the present matter and further support the Court's conclusion. In *In re Jamster Mktg. Litig.*, MDL No. 1751, 2008 WL 4482307 (S.D. Cal. Sept. 29, 2008), the court found it proper to employ the All Writs Act to enjoin AT&T from pursuing settlement in the action as it was necessary to aid the

5

17-cv-00459-AJB-JMA

court's jurisdiction. *Id.* at *6–7. Specifically, the court stated "implementation of a stay will foster the proper administration of justice and permit Plaintiffs to obtain complete relief on the core MDL claims to which they may be entitled." *Id.* at *7. Moreover, the court found the All Writs Act applicable as *In re Jamster* was an MDL and "where jurisdiction over federal MDL class action litigation is threatened by a potential settlement of the same claims in a state court, the federal court can act pursuant to the All Writs Act even when the federal court has not already entered an order that requires preservation." *Id.* at *6 (citation omitted). The instant matter is not an MDL, nor is there a settlement that will threaten this Court's litigation. Consequently, as a whole, this case is unpersuasive.

Plaintiff also cites to *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Doe*, 868 F. Supp. 532, 536 (S.D.N.Y. 1994), to argue that its request for declaratory judgment is proper in light of the Lundeens' OSC with the state court, which if granted might bar Plaintiff from proceeding with its federal suit. (Doc. No. 48-1 at 9.) However, the factual background of *Merrill Lynch* is distinguishable from the present matter. Most notably, in *Merrill Lynch*, the court found that the pendency of the state court action, the temporary restraining order enjoining the commencement of all other proceedings, and the possibility that that order would be amended to preclude Merrill Lynch from prosecuting the action, were circumstances that justified relief under the All Writs Act. *Id.* at 536. Presently, the only action from the state court that purportedly interferes with this Court's jurisdiction is the issuance of an OSC. Thus, the circumstances justifying the application of the All Writs Act in *Merrill Lynch* are not present here.

Finally, in *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1015 (9th Cir. 1999), the Ninth Circuit affirmed the district court's order under the All Writs Act. However, similar to *Merrill Lynch*, *Alpine Land* is also inapplicable. In *Alpine Land*, the Ninth Circuit found that the "where necessary in aid of its jurisdiction" exception applied because the district court had retained jurisdiction over the action through enforcement of a settlement agreement. *Id.* Moreover, in this case "Nevada ha[d] expressly provided that where a court decree governs water rights, a review of the State Engineer's decisions 'shall

6

be initiated in the court that entered the decree.'" *Id*. In the current matter, there is no decree nor any settlement. Thus, it is clear that *Alpine* is inconsequential to deciding the issue at hand.

Based on the foregoing, the Court finds that there is doubt as to the propriety of a federal injunction against a state court proceeding and such doubts "should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R.R.*, 398 U.S. at 297. Thus, preliminary relief pursuant to the All Writs Act is not warranted and is **DENIED**.

C. A Preliminary Injunction Under the More Traditional Test is Not Merited

A preliminary injunction is a provisional remedy, the purpose of which is to preserve the status quo and to prevent irreparable loss of rights prior to final disposition of the litigation. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Thus, in general, courts clearly hold that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Plaintiff asserts that it will suffer irreparable harm, that the balance of equities tips in his favor, and that an injunction is in the public interest. (Doc. No. 48-1 at 12–20.) The Lundeens' opposition brief fails to analyze the foregoing four factors. (*See generally* Doc. No. 50.)

As to the first element, Plaintiff does not provide any analysis on its likelihood "to succeed on the merits." However, at the motion hearing, Plaintiff re-argued the allegations supporting its complaint. The Court ultimately finds that as this case is still disputed and at the pleading stage, the paucity of evidence to demonstrate Plaintiff's likelihood of success

weighs heavily against the issuance of a preliminary injunction.[2]

Moving on to the next element—whether it will suffer irreparable injury if the relief is denied—Plaintiff claims that imprisonment of its staff and attorneys is a possible outcome of the OSC hearing and by forcing Plaintiff's senior leadership to fly to Iowa, it has suffered a significant disruption. (Doc. No. 48-1 at 14–15.) Unfortunately, to justify a preliminary injunction, Plaintiff "must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted). Moreover, "mere injuries, however substantial, in terms of money, time and energy necessarily expended" are not enough to constitute irreparable injury. *Qualcomm Inc. v. Compal Elec., Inc.*, 283 F. Supp. 3d 905, 914 (S.D. Cal. 2017). The Court explicates that simply being asked to appear in Iowa isn't irreparable harm. Accordingly, Plaintiff's assertions under this element are unpersuasive and this factor weighs against a finding for preliminary relief.

As Plaintiff has not demonstrated that it is likely to succeed on the merits or that it would suffer irreparable harm if the injunction is not issued, its motion for preliminary injunction is **DENIED**.

## CONCLUSION

Presently, Plaintiff has produced evidence that it is being asked to appear in Iowa to face contempt charges for violating a Receivership Order. The Iowa Court's decision to hold a hearing does not threaten this Court's jurisdiction. Thus, a preliminary injunction or declaratory relief under the All Writs Act is premature. Moreover, under the more traditional preliminary injunction four factor test, Plaintiff's failure to demonstrate its likelihood of success on the merits and the likelihood of irreparable injury does not validate to the Court that the drastic remedy of a preliminary injunction is warranted. Accordingly,

---

[2] Plaintiff's moving papers argue that the Lundeens' Iowa Application is objectively meritless. (Doc. No. 48-1 at 12–14.) Plaintiff also re-argued these contentions at the motion hearing. The Court will not reach these assertions as it is not a factor the Court needs to address to determine whether a preliminary injunction should be issued.

Plaintiff's motion for a preliminary injunction, declaratory relief, and request that this Court issue an OSC is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: April 30, 2018

Hon. Anthony J. Battaglia
United States District Judge