UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCTIC ZERO, INC., a Delaware Corporation,<br><br>         Plaintiff,<br><br>v.<br><br><br>ASPEN HILLS, INC., an Iowa Corporation, THOMAS LUNDEEN, an individual, NANCY LUNDEEN, an individual and DOES 1 through 25, inclusive,<br><br>         Defendants. | Case No.: 17-CV-00459-AJB-LL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART ASPEN HILL'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND**<br><br>**(2) DENYING ARCTIC ZERO'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. Nos. 57, 64) |

Presently before the Court are Aspen Hills, Inc.'s motion for judgment on the pleadings, (Doc. No. 57), and Artic Zero, Inc.'s motion for summary judgment, (Doc. No. 64). Having reviewed the parties' arguments and controlling legal authority, and pursuant to Civil Local Rule 7.1.d.1, the Court finds the matters suitable for decision on the papers and without oral argument. As will be explained in greater detail below, the Court

1

**GRANTS** in part and **DENIES** in part Defendant's motion for judgment on the pleadings and **DENIES** Plaintiff's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a corporation organized under the laws of the state of Delaware with its principal place of business in San Diego, California. (Doc. No. 3 ¶ 4.) Aspen Hills is a former cookie dough manufacturer, organized under the laws of the state of Iowa with its principal place of business in Garner, Iowa. (*Id.* ¶ 5; Doc. No. 6 at 8.)[1] The Lundeens are individuals who reside in the state of Iowa and are co-owners of Aspen Hills. (Doc. No. 3 ¶¶ 6, 7.)

The events leading up to this dispute arose in 2016, when Aspen Hills recalled 287 cases of allegedly negligently manufactured brownie dough. (Doc. No. 6 at 8; Doc. No. 24 at 9.) There were over $11 million in claims being asserted against Aspen Hills. (Doc. No. 6 at 8.) As a result of the substantial claims asserted against Aspen Hills and the limited assets available for distribution, receivership proceedings involving Aspen Hills commenced in Iowa District Court for Hancock County—*A.H. Properties v. Aspen Hills, Inc.*, Hancock County Case No.: EQCV019535. (*Id.*)

Plaintiff and Aspen Hills were in an arrangement that centers on an October 1, 2015 Ingredient Supply Agreement. (Doc. No. 3 ¶ 19.) Under this agreement, Aspen Hills, among other things, agreed to indemnify Plaintiff against any and all claims, warranted that each ingredient conformed strictly to all domestic and foreign regulatory requirements, and merited that each ingredient would be fit and sufficient for the purpose intended. (*Id.* ¶¶ 20–22; Doc. No. 3-1 at 7.) Additionally, Aspen Hills agreed to reimburse Plaintiff for all costs and expenses incurred as a result of a recall of ingredients supplied by it. (Doc. No. 3-1 at 10.) Section 15(a) of the Agreement provides that:

---

[1] Page numbers refer to the CM/ECF page number and not the number listed on the original document.

> In the event an Ingredient is the subject of a recall (which includes safety notices) initiated by Arctic Zero, Supplier, or a government or consumer protection agency, Supplier will be responsible for all costs and expenses associated with the recall or notice and shall reimburse Arctic Zero, for all costs and expenses incurred by Arctic Zero related to the recall or notice, including recalling, shipping and/or destroying the Ingredient (and where applicable, any products with which the Ingredient has been packaged, consolidated, processed or commingled), including Arctic Zero's net landed cost of unsold products containing the Ingredient.

(*Id.*)

After the recall, Plaintiff allegedly incurred costs and expenses amounting to at least $572,375.33, including the cost of disposed product, lost revenue, credits for products returned to vendors, and various costs associated with transportation, landfill fees, and testing fees. (Doc. No. 3 ¶ 33.) On December 23, 2016, Plaintiff tendered this documentation of its costs and expenses to Mr. Lundeen. (*Id.* ¶ 34.)

On November 20, 2017, the Court denied Defendants' motions to dismiss or stay. (Doc. No. 32.) Accordingly, receivership proceedings in the Iowa Court have run parallel to this action. (Doc. No. 64-1 at 5.) The Iowa Court allowed Plaintiff's claims against Aspen Hills for breach of contract and negligence. (*Id.* at 6.) Plaintiff tendered its breach of contract and negligence claims in the Iowa Court. (*Id.*) The Iowa Court required that Aspen Hills' liability insurer perform an initial review to determine whether creditors had established liability for a covered claim. (*Id.*) The Insurer Report established that Plaintiff's damages for negligence and breach of contract were covered and payable in the amount of $439,859.33. (*Id.*; Doc. No. 57-2 at 13, 29.) On November 8, 2017, the Iowa Court issued an Order Approving Receiver's Recommendations on Claims and Proposed Distribution Plan. (Doc. No. 57-1 at 3; Doc. No. 64-1 at 7.) Accordingly, Plaintiff is to be awarded $439,859.33 for Plaintiff's receivership claim. (*Id.*) This Order now follows.

/ / /

/ / /

# LEGAL STANDARD

A. Motion for Judgment on the Pleadings

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. Civ. Pro. R. 12(c). "A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co. Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific – CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)). "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)). Judgment on the pleadings is appropriate when, accepting as true all material allegations in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner &Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

B. Motion for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving

party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Celotex Corp.*, 477 U.S. at 330. When ruling on a summary judgment motion, a court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Aspen Hills argues in its motion for judgment on the pleadings that Plaintiff's claims for negligence and breach of contract are barred here under the doctrine of claim preclusion. (*See generally* Doc. No. 57-1.) However, Plaintiff contends in its motion for summary judgment that Aspen Hills is barred from re-litigating liability and damages for Plaintiff's claims for negligence and breach of contract on the basis of issue preclusion. (*See generally* Doc. No. 64-1.)

A.    Judicial Notice

As a threshold issue, the Court will first turn to Plaintiff and Aspen Hills' requests for judicial notice. (Doc. Nos. 57-2, 65.) Aspen Hills requests judicial notice of (1) a copy of the Receivership's Report and Recommendation on Claims and Proposed Distribution Plan dated August 28, 2017; (2) a copy of the Order Approving Receiver's Recommendations on Claims and Proposed Distribution Plan dated November 8, 2017; and (3) a copy of the Proof of Claim filed by Arctic Zero in the Iowa Receivership Proceeding dated May 11, 2017. (Doc. No. 57-2 at 2.) Plaintiff seeks judicial notice of (1) the affidavit of Thomas S. Lundeen filed on December 23, 2016; (2) the Insurance Report filed on July 31, 2017; and (3) the Receiver's Reply to Arctic Zero's Opposition to

Receiver's Thirteenth Monthly Operating Report and Receiver's Opposition to Arctic Zero's Motion for Settlement of Claims filed on March 1, 2018. (Doc. No. 65 at 2.)

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: a judicially noticed fact must be one not subject to reasonable dispute in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

The Court finds judicial notice of both Plaintiff and Aspen Hills' documents warranted as they are documents of public record related to the Iowa state proceedings. *See United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) ("Federal courts may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" (citing *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)). Moreover, "[j]udicially noticed facts often consist of matters of public record." *Botelho v. U.S. Bank, N.A.,* 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted). However, while "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

Accordingly, with the limitation stated above in mind, the Court **GRANTS** Plaintiff and Aspen Hills' unopposed requests for judicial notice.

B. <u>Aspen Hills' Motion for Judgment on the Pleadings</u>

Federal courts apply state claim preclusion principles when determining the preclusive effect of a state court judgment in federal court. *See Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985) ("[28 U.S.C.] § 1738 requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment.") "The general rule of claim preclusion provides a valid and final

judgment on a claim precludes a second action on that claim or any part of it." *Arnevik v. Univ. of Minnesota Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002). "[T]he party seeking to invoke the doctrine of claim preclusion must establish three elements: (1) 'the parties in the first and second action were the same;' (2) 'the claim in the second suit could have been fully and fairly adjudicated in the prior case;' and (3) 'there was a final judgment on the merits in the first action.'" *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2009) (quoting *Arnevik*, 642 N.W.2d at 319.)

It is undisputed that the action in front of this Court is an *in personam* action and the receivership action was an *in rem* proceeding. Artic Zero asserts that claim preclusion does not apply because an *in rem* proceeding does not preclude this Court from entering an *in personam* judgment since the proceedings are fundamentally different in their purpose and jurisdictional scope. (Doc. No. 63 at 13.) However, "where the judgment sought is strictly *in personam*, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment obtained in one of them which may be set up as res judicata in the other." *Donovan v. Dallas*, 377 U.S. 408, 412 (1964) (citing *Princess Lida v. Thompson*, 305 U.S. 456, 466 (1939)); *see Farm Credit Bank of Omaha v. Faught*, 492 N.W.2d 422, 424 (Iowa 1992) ("We have long held that a mortagee may not seek foreclosure of a mortgage in one action, and in a later one ask for personal judgment against the mortgagor."); *cf. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1254 (9th Cir. 2017) ("A federal court 'may proceed to judgment *in personam*, adjudicating rights in the res and leaving the *in personam* judgment to bind as res judicata the court having jurisdiction of the res.") "A second claim is likely to be considered precluded if the acts complained of, and the recovery demanded, are the same, or when the same evidence will support both actions." *Whalen v. Connelly*, 621 N.W.2d 681, 685 (Iowa 2000), *as amended on denial of reh'g* (Jan. 31, 2001).

Here, the Court agrees with Defendant that the *in rem*/*in personam* distinction is irrelevant for the purposes of merger in this specific case. The doctrine of merger "is well-

settled law in Iowa." *United States v. Peckham*, 72 F.3d 672, 674 (8th Cir. 1995). Merger "serves to prevent the splitting of causes of action" to prevent a party from pursuing double recovery. *Brenton State Bank of Jefferson v. Tiffany*, 440 N.W.2d 583, 585 (Iowa 1989); *see Madison v. Colby*, 348 N.W.2d 202, 205 (Iowa 1984) (precluding double recovery). Accordingly, the Court will now address the factors of claim preclusion.

### i. The Parties are Identical

Plaintiff asserts that the parties are not identical in the receivership action and this action because Plaintiff was a "claimant" rather than a "party" in the receivership action. (Doc. No. 63 at 13.) Plaintiff specifically relies upon the Receiver's reply that stated, "[i]n order to seek such equitable relief, Iowa law requires that Arctic Zero to be a party to the lawsuit: which it is not." (*Id.*, Doc. No. 61-2 at 11.) However, Plaintiff provides no case law to support this contention and the Court finds that what the Receiver stated in a reply that is not before this Court is not persuasive. Further, "by the presentation of a claim in receivership proceedings a creditor submits himself to the jurisdiction of the court and must take notice of and is bound by subsequent proceedings relative thereto." *Heinz v. Davenport Bank & Trust Co.*, 298 N.W. 785, 788 (1941) (citing *Henderson v. Farmers' Sav. Bank*, 200 N.W. 581 (1924)). Accordingly, the Court finds that the parties are identical.

### ii. The Claims have been Fully and Fairly Adjudicated

Plaintiff argues that it was not given a "full and fair opportunity to litigate" their claims against Aspen Hills. *See Whalen v. Connelly*, 621 N.W.2d 681, 685 (Iowa 2000). The Court has already found, "the claims that are the subject of the present motion–negligence, express indemnity, and breach of contract–are substantially similar if not identical to the causes of action listed in the proof of claim filed by Plaintiff in the Iowa state court petition." (Doc. No. 32 at 9.) Plaintiff fully participated in the Receivership Proceeding. (See Doc. No. 57-2 at 32.) Further, Plaintiff did not object to the Receiver's Recommendations. (Doc. No. 67 at 8.) Accordingly, the Court finds that Plaintiff was given

a full and fair opportunity to litigate its breach of contract and negligence claims in the Receivership Proceeding against Aspen Hills.

        *iii.*    *The Iowa Receivership Proceeding Terminated in a Final Judgment on the Merits*

Plaintiff asserts that the Iowa Receivership Proceeding did not result in a final judgment on the merits. (Doc. No. 63 at 15.) However, Iowa law is clear that a receivership proceeding "constitutes a final legal adjudication, having the force and effect of a judgment." *Heinz*, 289 N.W. at 788 (citations omitted); *see Henderson*, 200 N.W. at 582; *see also Andrew v. Marshalltown State Bank*, 227 N.W. 899 (1929); *Spooner v. Blair*, 229 N.W. 826 (1930). Arctic Zero did not object to the Receiver's Recommendation and the appeal period of the Order dated November 8, 2017 has run. *See* Iowa Rule of Appellate Procedure 6.101(1)(b) (providing a 30-day appeal period). Accordingly, the Court finds that this was a final judgment on the merits. However, the Court agrees with Plaintiff that the receivership judgment was only final as to its negligence and breach of contract claims against Aspen Hills.

        *iv.*    *The Court Does Not Declare that the Iowa Allowance Order is an Enforceable Money Judgment and Declines to Register it in this District*

Plaintiff argues that if the Court is not inclined to deny Aspen Hills' motion for judgment on the pleadings and is inclined to deny Plaintiff's motion for summary judgment, the Court, in the alternative, should declare that the Iowa allowance order is an enforceable money judgment and register it in this district. (Doc. No. 63 at 15; Doc. No. 69 at 10.) However, Plaintiff relies upon a single Seventh Circuit case for this assertion. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625 (7th Cir. 2013). In *GE Betz, Inc.*, the court explained that it was unable to find any decisions by sister circuits that interpret 28 U.S.C. § 1963 as permitting a district court to register a state court judgment. *Id.* The Ninth Circuit has not held that a district court may register a judgment of a state court. Rather, the Ninth Circuit has held that "28 U.S.C. § 1963 permits plaintiffs to take a judgment entered in one federal district court and register it in another." *Fidelity Nat. Fin., Inc. v.*

*Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015); *see also Friis v. City of San Jose*, No. MISC-08-80027 RMW, 2009 WL 1690439, at *1 (N.D. Cal. June 16, 2009) ("the federal courts lack the power to register and enforce state court judgments"); *Republic Bank, Inc. v. Ethos Envtl., Inc.*, No. 12-CV-2654-BTM-BLM, 2013 WL 321692, at *1 (S.D. Cal. Jan. 28, 2013) ("28 U.S.C. § 1963 [] allows parties to enforce a judgment entered by an out-of-district federal court"). Thus, the Court declines to declare that the Iowa Allowance Order is an enforceable money judgment and register it in this district.

Accordingly, the Court finds that the elements of claim preclusion are met. The Court **DISMISSES** Arctic Zero's claims for negligence and breach of contract against Aspen Hills. Thus, the Court **GRANTS** in part and **DENIES** in part Aspen Hills' motion for judgment on the pleadings.

C. Arctic Zero's Motion for Summary Judgment

As the Court has found that claim preclusion rather than issue preclusion applies, Plaintiff's motion for summary judgment on the basis of issue preclusion is thus **DENIED**. (Doc. No. 64.)

### CONCLUSION

As explained more fully above, the Court **GRANTS** in part and **DENIES** in part Aspen Hills' motion for judgment on the pleadings and **DENIES** Arctic Zero's motion for summary judgment. This Court retains jurisdiction over the remaining claims.

**IT IS SO ORDERED**.

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge